**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALMA L. SARABIA and JUAN A. SARABIA,

    Plaintiffs,

    v.

SIERRA PACIFIC MORTGAGE COMPANY, INC., et al.,

    Defendants.

3:11-cv-810-RCJ-VPC

**ORDER**

Currently before the Court is a Motion to Dismiss First Amended Complaint (#7) and a Motion to Remand (#9).

**BACKGROUND**

On November 9, 2011, MTC Financial Inc. dba Trustee Corps ("MTC Financial") filed a petition for removal and attached the original complaint and first amended complaint that had been filed in the Second Judicial District. (Pet. for Removal (#1); Compl. (#1-2); First Amended Compl. (#1-1)). In the first amended complaint, Plaintiffs Alma Sarabia and Juan Sarabia (collectively "Plaintiffs") sued Defendants Sierra Pacific Mortgage Company, Inc.; MTC Financial Inc.; Federal Home Loan Mortgage Corporation; and BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing. (First Amended Compl. (#1-1) at 2). In that complaint, Plaintiffs alleged causes of action for: (1) declaratory relief; (2) cancel trustee's deed; (3) Truth in Lending Act ("TILA") violations, 15 U.S.C. § 1641(f)(2); (4) debt collection violations, NRS § 649.370; (5) unfair and deceptive trade practices; (6) quiet title and wrongful foreclosure; and (7) rescission, mistake, and void agreement. (*Id.* at 4-11).

On November 22, 2011, MTC Financial Inc. filed a motion to dismiss claims stated

against it in the first amended complaint. (Mot. to Dismiss (#7) at 1).

On November 29, 2011, Plaintiffs filed a second amended complaint ("SAC")[1] in this Court. (SAC (#8)). In the SAC, Plaintiffs sued Sierra Pacific Mortgage Company, Inc.; Greenhead Investments, Inc.; BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP; and Federal Home Loan Mortgage Corp. (*Id.* at 1). Plaintiffs did not name MTC Financial as a defendant in the SAC. (*See id.* at 1-3). In the SAC, Plaintiffs alleged causes of action for: (1) declaratory relief; (2) violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f)(2); (3) debt collection violations, NRS § 649.370; (4) unfair and deceptive trade practices; (5) quiet title; (6) rescission, mistake, and void agreement; and (7) cancel notices of default and trustee's deed upon sale based on wrongful foreclosure. (*Id.* at 3-14).

## DISCUSSION

### I.   Motion to Dismiss First Amended Complaint (#7)

MTC Financial filed a motion to dismiss the first amended complaint. (Mot. to Dismiss (#7) at 1). The Court dismisses this motion as moot because the operative complaint is the SAC which does not name MTC Financial as a defendant.

### II.   Motion to Remand (#9)

Plaintiffs file a motion to remand the SAC and argue that there is no federal question or diversity jurisdiction. (Mot. to Remand (#9) at 1). Plaintiffs ask the Court to stay the case pending the outcome of *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039 (9th Cir. 2011). (*Id.* at 2). Plaintiffs argue that there are no federal questions presented and asserts that the claims are state law claims. (*Id.* at 3-6). Plaintiffs also request attorneys' fees from Defendants because the case should not have been removed in the first place. (*Id.* at 11).

MTC Financial, who is no longer a party to this case pursuant to the SAC, filed a

---

[1] The second amended complaint is mislabeled as the "First Amended Complaint." (*See* SAC (#8) at 1). Plaintiffs filed a notice of errata stating that the document entitled "First Amended Complaint" was improperly titled and should have stated "Second Amended Complaint." (Notice of Errata (#10) at 1).

response to the request for attorneys' fees. (Resp. to Request for Att'y Fees (#15) at 3).[2] MTC Financial asserts that the first amended complaint had both diversity jurisdiction and federal question jurisdiction based on the TILA and federal fair debt collection practices act claims and, therefore, fees should not be awarded. (*Id.* at 3-4).

In this case, the Court denies the motion to remand the SAC. The SAC clearly alleges federal question jurisdiction in the second cause of action for violations of TILA, 15 U.S.C. § 1641(f)(2). *See* 28 U.S.C. § 1331 (stating that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Morever, Plaintiffs' third cause of action for debt collection violations pursuant to NRS § 649.370 also invokes federal question jurisdiction. Pursuant to NRS § 649.370, a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 *et seq.*, or any regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Stat. Rev. § 649.370. The Ninth Circuit recognizes that a case arises under federal law when the vindication of a right under state law necessarily turns on some construction of federal law. *Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1044 (9th Cir. 2009). Because the Nevada debt collections statute directly turns on construction of the federal FDCPA, the third cause of action invokes federal jurisdiction. Therefore, the Court denies the motion for remand (#9) and Plaintiffs' request for attorneys' fees.

Moreover, Plaintiffs' reliance on *Chapman* is misplaced. In *Chapman*, the Ninth Circuit held that the doctrine of prior exclusive jurisdiction applies when there are parallel state and federal proceedings that seek to determine interests in a specific property as against the whole world (*in rem*) or where the parties' interests in the property serve as the basis of the jurisdiction for the parallel proceedings (*quasi in rem*). *Chapman*, 651 F.3d at 1044. The Ninth Circuit held that, in those cases, if the state court exercised jurisdiction before the federal court did, the state court's exercise of jurisdiction would take priority. *Id.* at 1045. However, the

---

[2] Defendants Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP and Federal Home Loan Mortgage Corp. filed a joinder to MTC Financial's response to Plaintiffs' request for attorneys' fees. (Joinder (#16)).

Ninth Circuit noted that the prior exclusive jurisdiction doctrine differed from removal because, in removal, a state court loses jurisdiction upon the filing of a petition for removal. *See id.* at 1044-45. Here, there is only one proceeding and Defendants have removed that proceeding to this Court. As such, the prior exclusive jurisdiction doctrine does not apply.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss the First Amended Complaint (#7) is DISMISSED as moot.

IT IS FURTHER ORDERED that the Motion to Remand (#9) is DENIED.

IT IS FURTHER ORDERED that the hearing scheduled for March 12, 2012 is VACATED.

DATED: This 24th day of February, 2012.

_____
United States District Judge