**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALMA L. SARABIA and JUAN A. SARABIA,  )
               Plaintiffs,  )
    v.  )    3:11-cv-810-RCJ-VPC
SIERRA PACIFIC MORTGAGE COMPANY,  )    **ORDER**
INC., et al.,  )
               Defendants.  )
_____

Currently before the Court are a Motion to Dismiss (#18) and a Renewed Motion to Remand or Motion to Reconsider Remand (#20). The Court heard oral argument on June 25, 2012. Plaintiffs did not appear.

**BACKGROUND**

**I.   Procedural History**

On November 9, 2011, MTC Financial Inc. dba Trustee Corps ("Trustee Corps") filed a petition for removal and attached the original complaint and first amended complaint that had been filed in the Second Judicial District. (Pet. for Removal (#1); Compl. (#1-2); First Amended Compl. (#1-1)). In the first amended complaint, Plaintiffs Alma Sarabia and Juan Sarabia (collectively "Plaintiffs") sued Defendants Sierra Pacific Mortgage Company, Inc.; MTC Financial Inc.; Federal Home Loan Mortgage Corporation; and BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing. (First Amended Compl. (#1-1) at 2). In that complaint, Plaintiffs alleged causes of action for: (1) declaratory relief; (2) cancel trustee's deed; (3) Truth in Lending Act ("TILA") violations, 15 U.S.C. § 1641(f)(2); (4) debt collection violations, NRS § 649.370; (5) unfair and deceptive trade practices; (6) quiet title and wrongful

foreclosure; and (7) rescission, mistake, and void agreement. (*Id.* at 4-11).

On November 29, 2011, Plaintiffs filed a second amended complaint ("SAC")[1] in this Court. (SAC (#8)). In the SAC, Plaintiffs sued Sierra Pacific Mortgage Company, Inc.; Greenhead Investments, Inc.; BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP; and Federal Home Loan Mortgage Corp. (*Id.* at 1). Plaintiffs did not name Trustee Corps as a defendant in the SAC. (*See id.* at 1-3). In the SAC, Plaintiffs alleged causes of action for: (1) declaratory relief; (2) violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f)(2); (3) debt collection violations, NRS § 649.370; (4) unfair and deceptive trade practices; (5) quiet title; (6) rescission, mistake, and void agreement; and (7) cancel notices of default and trustee's deed upon sale based on wrongful foreclosure. (*Id.* at 3-14).

In February 2012, the Court denied Plaintiffs' motion to remand the SAC. (Order (#17) at 3). The Court found that there was federal question jurisdiction in the second cause of action for violations of TILA, 15 U.S.C. § 1641(f)(2). (*Id.*). The Court also found that the third cause of action for debt collection violations pursuant to NRS § 649.370 invoked federal question jurisdiction because "a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 et seq., or any regulation adopted pursuant thereto, [was] a violation of Nevada law." (*Id.*).

**II.   Foreclosure Facts**

Plaintiffs Juan Sarabia and Alma Sarabia executed a note secured by a deed of trust on a piece of property located at 7380 Hunter Glen Drive, Reno, Nevada 89506, which was recorded in Washoe County on June 28, 2007. (Deed of Trust (#18-1) at 2, 4). The mortgage, dated June 26, 2007, was for $320,000. (*Id.* at 3). The lender on the deed of trust was Sierra Pacific Mortgage Company, Inc. (*Id.* at 2). The trustee on the deed of trust was Greenhead Investments, Inc. (*Id.*). The Mortgage Electronic Registration System, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and

---

[1] The second amended complaint is mislabeled as the "First Amended Complaint." (*See* SAC (#8) at 1). Plaintiffs filed a notice of errata stating that the document entitled "First Amended Complaint" was improperly titled and should have stated "Second Amended Complaint." (Notice of Errata (#10) at 1).

claimed to be the beneficiary[2] under the security instrument. (*Id.* at 3).

On April 1, 2009, Plaintiffs defaulted on their mortgage. (*See* Notice of Default (#18-5) at 3).

On August 23, 2009, MERS executed an assignment of the deed of trust and transferred all beneficial interest in the deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. (Assignment of Deed of Trust (#18-2) at 2-3).

On August 24, 2009, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP executed a substitution of trustee and replaced MTC Financial Inc., dba Trustee Corps as the trustee for Greenhead Investments, Inc. (Substitution of Trustee (#18-3) at 2-3).

On August 26, 2009, Trustee Corps, through its agent First American Title Insurance Company, recorded a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#18-5) at 2, 4). The notice of default named Trustee Corps as the substituted trustee. (*Id.* at 3). The notice of default identified the breach of obligations as "the installment of principal and interest which became due on 04/01/2009 and all subsequent installments of principal and interest, along with late charges, plus foreclosure costs and legal fees." (*Id.*).

On September 10, 2009, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP executed an assignment of deed of trust and transferred all beneficial interest in the deed of trust to Federal Home Loan Mortgage Corporation. (Second Assignment of Deed of Trust (#18-4) at 2-3).

On December 16, 2009, the State of Nevada Foreclosure Mediation Program issued a certificate that no request for mediation had been made or the grantor had waived mediation. (Mediation Certificate (#18-6) at 2). The certificate stated that no mediation was required and that the beneficiary could proceed with the foreclosure process. (*Id.*).

On March 22, 2010, Trustee Corps recorded a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#18-7) at 2). On March 29, 2010, Trustee

---

[2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

Corps recorded a second notice of trustee's sale with the Washoe County Recorder's office. (Second Notice of Trustee's Sale (#18-8) at 2). On July 20, 2011, Trustee Corps recorded a trustee's deed upon sale which explained that Trustee Corps had sold the property to Federal Home Loan Mortgage Corporation for $294,215.61 at a public auction on May 23, 2011. (Trustee's Deed Upon Sale (#18-9) at 2-3).

On June 29, 2011, Plaintiffs' attorney filed a notice of pendency of the action with the Washoe County Recorder's office. (Notice of Lis Pendens (#18-10) at 2).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

**I.  Renewed Motion to Remand or Motion to Reconsider Remand Based Upon New Ninth Circuit Case (#20)**

Plaintiffs file a motion to reconsider the denial of the motion to remand based on *Nevada v. Bank of Am.*, 672 F.3d 661 (9th Cir. 2012). (Mot. to Reconsider (#20) at 1). Plaintiffs assert that there is no federal question presented because the Ninth Circuit recently reversed this Court's holding that there were substantial questions of federal law contained within NRS § 598.0963(3) and NRS § 649.370. (*Id.* at 2).

Defendants Bank of America and the Federal Home Loan Mortgage Corporation filed an opposition. (Opp'n to Mot. to Reconsider (#23)).

In *Nevada*, the Ninth Circuit acknowledged that the complaint at issue alleged misrepresentations about the federal HAMP program and violations of the FDCPA. *Id.* at 674.

However, the Ninth Circuit found that the complaint raised exclusively state law claims because the federal issues were not pivotal to the plaintiff's case. *Id.* at 675.

In this case, the Court denies the motion for reconsideration because federal question jurisdiction does exist in this case. Without addressing whether federal issues are pivotal to Plaintiffs' third cause of action for debt collection violations pursuant to NRS § 649.370, this Court still has federal question jurisdiction under Plaintiffs' second cause of action under TILA, 15 U.S.C. § 1641(f)(2). *See* 28 U.S.C. § 1331 (stating that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). As such, this Court still has jurisdiction and denies the motion for reconsideration (#20).

## II. Motion to Dismiss (#18)

Defendants Bank of America and Federal Home Loan Mortgage Corp. (collectively "Defendants") filed a motion to dismiss the complaint in its entirety. (Mot. to Dismiss (#18)). Plaintiffs filed a response and Defendants filed a reply. (Opp'n to Mot. to Dismiss (#21); Reply to Mot. to Dismiss (#22)).

In the first cause of action, Plaintiffs seek declaratory relief on grounds that the notice of default failed to comply with NRS § 107.080 and is null and void. (SAC (#8) at 3, 5). Plaintiffs alleged that the notice of default failed to specify the amount of the default, specify the action required to cure the default, specify the date by which the default may be cured, and failed to advise the borrowers of their right to have enforcement of the security interest discontinued if they met certain conditions. (*Id.* at 4). Plaintiffs alleged that the notice of default also stated that the beneficiary under the deed of trust had already declared all sums secured immediately due; failed to unequivocally state that if the defaults were not cured, the amount due under the note would be accelerated and that the beneficiary would conduct a foreclosure sale, and the notice of default was an attempt to collect a debt. (*Id.*).

Nevada Revised Statute § 107.080(3) provides that a notice of default and election to sell must:

(a) Describe the deficiency in performance *or* payment and *may* contain a

6

> notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust, but acceleration must not occur if the deficiency in performance or payment is made good and any costs, fees and expenses incident to the preparation or recordation of the notice and incident to the making good of the deficiency in performance or payment are paid within the time specified in subsection 2; and
>
> (b)    If the property is a residential foreclosure, comply with the provisions of NRS 107.087.

Nev. Rev. Stat. § 107.080(3)(a)-(b) (emphasis added). Pursuant to NRS § 107.087(b), the notice of default must also contain the physical address of the property and the trustee's contact information. Nev. Rev. Stat. § 107.087(1)(b)(1)-(2).

In this case, the Court dismisses the first cause of action without leave to amend. The notice of default contained the deficiency in performance, i.e. the failure to pay the installment of principal and interest which became due on April 1, 2009. (*See* Notice of Default (#18-5) at 3). The notice of default also contained a notice of intent to invoke an acceleration clause, i.e. the trustee "does hereby declare all sums secured thereby immediately due." (*See id.*). The notice of default also contained Trustee's Corps' contact information including address and telephone number. (*See id.*). Although the notice of default did not contain the physical address of the property, the notice of default described the exact deed of trust at issue, which indicated that the land was fully described in the deed of trust. (*See id.*). Because the notice of default complied with NRS § 107.080(3) and substantially complied with NRS § 107.087, the notice of default is valid and the Court dismisses this cause of action without leave to amend.

In the second cause of action, Plaintiffs allege violation of TILA, 15, U.S.C. § 1641(f)(2). (*See* SAC (#8) at 5). The complaint alleges that "their mortgages were almost immediately transferred" without their knowledge and that they were not provided notice of the alleged transfer. (*See id.*).

In this case, the Court dismisses the second cause of action, without leave to amend. TILA actions have a one-year statute-of-limitations from the date of the occurrence of the violation. *See* 15 U.S.C. § 1640(e). Here, there were two assignments of the deed of trust.

7

1  The first assignment of the deed of trust occurred on August 23, 2009 and the second one
2  occurred on September 10, 2009. (*See* Assignment of Deed of Trust (#18-2) at 2-3; Second
3  Assignment of Deed of Trust (#18-4) at 2-3). Plaintiffs filed their complaint in 2011, which was
4  after the one-year statute-of-limitations. As such, the Court dismisses this cause of action.

5  In the third cause of action, Plaintiffs alleged debt collection violations under NRS §
6  649.370. (SAC (#8) at 6). Pursuant to NRS § 649.370 a violation of any provision of the
7  federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 *et seq*., or any
8  regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Stat. Rev. § 649.370.
9  Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA,
10  15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D.
11  Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the
12  consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as
13  the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg.
14  Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)). As such, the Court dismisses the
15  third cause of action without leave to amend.

16  In the fourth cause of action, Plaintiffs allege a violation of Nevada's Unfair and
17  Deceptive Trade Practice Act, NRS § 598.0923 because Trustee Corps did not have a foreign
18  collector's license. (SAC (#8) at 8). Under that statute, a person engages in deceptive trade
19  practices when, in the course of his or her business or occupation he or she knowingly
20  conducts the business or occupation, without all required state, county, or city licenses. Nev.
21  Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do
22  not constitute doing business in this State: (1) maintaining, defending or settling any
23  proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real
24  or personal property; and (3) securing or collecting debts or enforcing mortgages and security
25  interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because
26  Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court
27  dismisses this cause of action without leave to amend.

28  In the fifth, sixth, and seventh causes of action, Plaintiffs allege quiet title, rescission-

8

mistake-void agreement, and cancel notices of default and trustee's deed upon sale. (SAC (#8) at 8-9, 14). The Court dismisses these causes of action without leave to amend because this was a proper foreclosure under NRS § 107.080. Trustee Corps was a properly substituted trustee and had the authority to file the notice of default. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). Additionally, the Court *sua sponte* dismisses Sierra Pacific Mortgage Co. and Greenhead Investments from this case because the foreclosure was proper.

Accordingly, the Court grants the motion to dismiss (#18) in its entirety without leave to amend.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#18) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that the Renewed Motion to Remand or Motion to Reconsider Remand (#20) is DENIED.

IT IS FURTHER ORDERED that Sierra Pacific Mortgage Co. and Greenhead Investments are *sua sponte* DISMISSED from this case.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 6th day of July, 2012.

_____
United States District Judge